```
                    FILED
              CLERK, U.S. DISTRICT COURT

              September 29, 2015.

              CENTRAL DISTRICT OF CALIFORNIA
              BY:      VPC      DEPUTY
```

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLEX WATCH U.S.A., INC.,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>WATCH EMPIRE LLC, et al.,<br><br>　　　　　Defendants. | Case No. 2:13-09221-SJO-FFM<br><br>**FINAL JUDGMENT** |

## FINAL JUDGMENT

Upon review of the court files, the application for default judgment, the declarations submitted in support of the default judgment, and the evidence presented having been fully considered, it is hereby ordered and adjudged that Rolex shall have **JUDGMENT** in its favor and against Watch Empire LLC d/b/a Time and Gems ("Watch Empire"), Horological Appraisal Group ("HAG"), Michael Davidi ("Davidi"), and Ilana Cohanim ("Cohanim") on Rolex's claims for: (i) Trademark Counterfeiting under 15 U.S.C. § 1114; (ii) Trademark Infringement under 15 U.S.C. § 1114; and (iii) False Designation of Origin, False Descriptions, and Unfair Competition under 15 U.S.C. § 1125.

Watch Empire, HAG, Davidi, Cohanim, and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice

of this injunction by personal service or otherwise, are **HEREBY PERMANENTLY ENJOINED** from:

 A. Using any reproduction, counterfeit, copy or colorable imitation of the Rolex Trademarks to identify any goods or the rendering of any services not authorized by Rolex, including, but not limited to, using any reproduction, counterfeit, copy or colorable imitation of the Rolex Trademarks in connection with the advertisement, promotion, offering for sale, or sale of watches altered with non-genuine parts or components consisting of cases, bezels, bracelets, dials, and/or exterior coatings;

 B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or dilute the distinctive quality of the Rolex Trademarks;

 C Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods or services as being those of Rolex or sponsored by or associated with Rolex and from offering such goods and services in commerce; and,

 D. Using or continuing to use the Rolex Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, or as a keyword, search word, metatag, or any part of the description of the site) in connection with any goods or services not authorized by Rolex.

Further, the Court **HEREBY ORDERS** Watch Empire, HAG, Davidi, and Cohanim as follows:

 A. Within ten (10) days of entry of this judgment, Defendants shall take all steps necessary to remove from their websites (including www.timeandgems.com, www.timeandgems.info, and www.watchempiredesigns.com), or any other website containing content posted by Defendants, whether or not owned or operated by Defendants, all text offering for sale counterfeit or infringing Rolex products and all Rolex Trademarks or copies or colorable imitations thereof used to identify nongenuine Rolex products;

1  B. Within thirty (30) days of entry of this judgment, Defendants shall file and serve upon
2    Rolex a sworn statement setting forth in detail the manner and form in which they
3    have complied with this injunction pursuant to 15 U.S.C. § 1116(a);

4  C. Within thirty (30) days of entry of this judgment, Defendants shall pay to Rolex
5    statutory damages under 15 U.S.C. § 1117(c) in the sum of $5,000,000, which
6    constitutes $1,000,000 for each of the five counterfeit trademarks (ROLEX, CROWN
7    DESIGN, DATEJUST, OYSTER PERPETUAL and SUBMARINER) that Defendants
8    willfully used in connection with Defendants' non-genuine Rolex watches;

9  D. Within thirty (30) days of entry of this judgment, Defendants shall deliver up for
10   destruction to Rolex all material bearing the Rolex Trademarks in association with
11   unauthorized goods or services and the means for production of same pursuant to
12   15 U.S.C. § 1118;

13  E. Pursuant to 11 U.S.C. § 523(a)(6), Defendants are prohibited from a discharge
14   under 11 U.S.C. § 777 for malicious, willful and fraudulent injury to Rolex; and

15  F. Within thirty (30) days of entry of this judgment, Defendants shall pay to Rolex
16   attorneys' fees under 15 U.S.C. § 1117(a) in the sum of $103,600, the amount of
17   which has been calculated according to Local Rule 55-3.

19 IT IS SO ORDERED.

21 Dated:  September 29, 2015

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE